IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NATIONAL ASSOCIATION OF REGULATORY UTILITY COMMISSIONERS *et al.*,

Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,

Respondents.

Nos. 16-1170 and 16-1219

**UNOPPOSED MOTION OF THE FCC FOR VOLUNTARY REMAND**

Respondent the Federal Communications Commission (Commission or FCC) hereby submits this Motion to request that the Court remand the order under review to the agency for further administrative proceedings. As described below, the Commission's chairman has announced that the agency will soon commence a proceeding to eliminate the federal Lifeline Broadband Provider designation process at issue in these cases, recognizing that state governments, not the FCC, have primary responsibility for designating carriers that can participate in the Lifeline program. Undersigned counsel is authorized to represent that all parties consent to this motion.

## BACKGROUND

The Commission's Lifeline program ensures the availability of communications services for low-income households. Historically, the program has focused on ensuring the availability of voice telephony. Under the agency's

prior leadership, the Commission in the order under review took various actions to "transition [the Lifeline program] from primarily supporting voice services to targeting support at modern broadband services." *Lifeline and Link Up Reform and Modernization; Telecommunications Carriers Eligible for Universal Service Support; Connect America Fund*, Third Report and Order, Further Report and Order, and Order on Reconsideration, 31 FCC Rcd 3962, 3964 ¶6 (2016) (*Order*). Among other things, the Commission's 2016 *Order* allowed for the provision of broadband-only service through the Lifeline program, and it created a federal "Lifeline Broadband Provider" designation process. *See id.* ¶8.

In addition to creating the federal Lifeline Broadband Provider designation, the Commission determined in the *Order* that it would "preempt states from exercising authority to designate" Lifeline Broadband Providers. *Order* ¶232. Two commissioners—including the Commission's current chairman—dissented from the *Order* in part for that reason. *See Order* at 4163–78 (dissenting statement of Commissioner Ajit Pai); *id.* at 4179–84 (dissenting statement of Commissioner Michael O'Rielly). In the view of those commissioners, under Section 214 the Communications Act, 47 U.S.C. § 214, "Congress gave primary authority for [Lifeline provider] designations to the states," and the Commission has "no power" to preempt that authority. *Id.* at 4175 (Pai dissent); *see id.* at 4182 (O'Rielly dissent, stating, "I do not think we have authority to completely bypass the statutorily-set state role in designating [Lifeline providers], as set forth in section 214"). The petitioners here challenge the *Order* under review on that same basis. *E.g.*, NARUC Br. 1; State Petitioners' Br. 4.

## DISCUSSION

Since the Commission adopted the *Order* under review in these cases, the composition and leadership of the Commission have changed. Commissioner Rosenworcel left the Commission earlier this year because her term expired. Then, on January 20, 2017, the FCC's prior chairman resigned, leaving the agency with three commissioners (Commissioners Clyburn, Pai, and O'Rielly). On January 23, 2017, Commissioner Pai was designated chairman of the Commission. As a result, a majority of the Commission's current members, including the Commission's chairman, dissented from the *Order* under review, including on the question of preemption that is central to the parties' dispute.

On March 29, 2017, Chairman Pai issued a public statement in which he announced that "the FCC will soon begin a proceeding to eliminate the new federal designation process." Statement of Chairman Pai (attached hereto as Exhibit A). In that statement, he recognized that "it would be a waste of judicial and administrative resources to defend" the *Order* under review while the Commission is considering whether to eliminate the new federal designation process. Accordingly, Chairman Pai "instruct[ed] the Office of General Counsel to ask the D.C. Circuit to send this case back to the Commission for further consideration." *Id.*

As this Court has previously recognized, "an agency always retains the power to revise a final rule through additional rulemaking." *Am. Petroleum Inst. v. EPA*, 906 F.2d 729, 739 (D.C. Cir. 1990) (per curiam). When an agency elects to revisit a rule that is the subject of pending litigation, the agency may move for, and

this Court may grant, a voluntary remand of the agency order under review. *See, e.g., Nat'l Wildlife Fed'n v. EPA*, No. 03-1458, 2005 WL 80958, at *1 (D.C. Cir. Jan. 13, 2005) (per curiam) (granting an EPA motion for partial remand of a rule concerning mercury emissions during the course of litigation concerning that rule). Consistent with this Court's precedent, we hereby move the Court to remand these cases to the Commission.

On February 16, 2017, this Court granted the FCC's unopposed motion to place these cases in abeyance while the Commission, under its new leadership, determined how to proceed. *See Nat'l Ass'n of Regulatory Utility Comm'rs v. FCC*, No. 16-1170 et al. 1 (D.C. Cir. Feb. 16, 2017). The Court directed the parties "to file motions to govern further proceedings by May 17, 2017." *Id.* The present Motion, if granted, would moot the need for those motions.

**CONCLUSION**

For the foregoing reasons, the Court should grant the FCC's Motion to remand the order under review to the agency for further proceedings.

Respectfully submitted,

By: /s/ Sarah E. Citrin

Brendan T. Carr
Acting General Counsel

Richard K. Welch
Deputy Associate General Counsel

Sarah E. Citrin
Counsel

Federal Communications Commission
445 12th Street, SW
Washington, DC 20554
(202) 418-1740

March 30, 2017

# Exhibit A

FCC NEWS from the Federal Communications Commission

**Media Contact:**
Will Wiquist, (202) 418-0509
will.wiquist@fcc.gov

**For Immediate Release**

# STATEMENT OF FCC CHAIRMAN AJIT PAI

***On the Future of Broadband in the Lifeline Program***

WASHINGTON, March 29, 2017 - Federal Communications Commission Chairman Ajit Pai issued the following statement today:

"I support including broadband in the Lifeline program to help provide affordable, high-speed Internet access for our nation's poorest families. Indeed, I worked hard to get a bipartisan agreement in place last year that would have expanded Lifeline to include broadband, but the agreement was undone by those who preferred a party-line vote.

"Going forward, I want to make it clear that broadband will remain in the Lifeline program so long as I have the privilege of serving as Chairman. And we will continue to look for ways to make the program work even better.

"Right now, over 3.5 million Americans are receiving subsidized broadband service through the Lifeline program from one of 259 different Eligible Telecommunications Carriers (ETCs). And according to the latest available figures, the number of customers receiving subsidized broadband service has increased by over 16 percent during my Chairmanship.

"But as we implement the Lifeline program—as with any program we administer—we must follow the law. And the law here is clear: Congress gave state governments, not the FCC, the primary responsibility for approving which companies can participate in the Lifeline program under Section 214 of the Communications Act. This is how the program worked over two decades, over three Administrations, and over eight Chairmanships.

"However, the FCC last year rejected this bipartisan consensus, snatching this legal responsibility away from states and deciding to create its own federal 'Lifeline Broadband Provider' designation process. At the time, I explained why the Commission lacked the authority to do this.

"Twelve states, from Vermont to Wisconsin, are currently challenging the legality of the FCC's order in the U.S. Court of Appeals for the District of Columbia Circuit. In my view, it would be a waste of judicial and administrative resources to defend the FCC's unlawful action in court. I am therefore instructing the Office of General Counsel to ask the D.C. Circuit to send this case back to the Commission for further consideration. And the FCC will soon begin a proceeding to eliminate the new federal designation process.

"In the meantime, we must consider the Lifeline Broadband Provider applications that are pending at the FCC. In last year's order, the Commission delegated to the Wireline Competition Bureau the authority to address such applications.

"I do not believe that the Bureau should approve these applications. Here's why.

"Hundreds of companies have been approved to participate in the Lifeline program through a lawful process. Indeed, over 99.6 percent of Americans currently participating in the broadband portion of the program receive service from one of those companies. New companies can enter the program using this process, and I encourage them to continue to do so. Given this context, it would be irresponsible for the Bureau to allow companies to sign up customers for subsidized broadband service through an unlawful federal authorization process that will soon be withdrawn. This would force many consumers to switch broadband providers in a relatively short period of time, which wouldn't be fair to them.

"Congress established our universal service programs as a joint federal-state partnership. And through the years, many states have helped consumers and protected taxpayers by enforcing the rules of the road. As Senator Tom Udall (D-N.M.) recently observed in introducing bipartisan Lifeline legislation with Senator Deb Fischer (R-Neb.), we need to 'return the role of state utility commissions in determining Lifeline eligibility. State utility commissions are key to policing against fraud and harmonizing federal and state initiatives that will help us close the digital divide.' By letting states take the lead on certification as envisioned by Congress, we will strengthen the Lifeline program and put the implementation of last year's order on a solid legal footing. This will benefit all Americans, including those participating in the program."

###

**Office of Chairman Ajit Pai: (202) 418-2000**
**Twitter: @AjitPaiFCC**
**www.fcc.gov/leadership/ajit-pai**

*This is an unofficial announcement of Commission action. Release of the full text of a Commission order constitutes official action. See MCI v. FCC, 515 F.2d 385 (D.C. Cir. 1974).*

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF REGULATORY UTILITY COMMISSIONERS *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Nos. 16-1170 and 16-1219 |
| FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, | ) |
| Respondents. | ) |

**CERTIFICATE OF COMPLIANCE**
**WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS,**
**AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the word limit requirements of Fed. R. App. P. 27(d)(2)(a) because the document contains 812 words, as determined by the word-count function of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f); and

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ Sarah E. Citrin

Sarah E. Citrin
Counsel

Federal Communications Commission
Washington, D.C. 20554
(202) 418-1740

March 30, 2017

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| National Association of Regulatory Utility Commissioners, Petitioners, | ) | |
| v. | ) | No. 16-1170 and 16-1219 |
| Federal Communications Commission and United States of America, Respondents. | ) | |

**CERTIFICATE OF SERVICE**

I, Sarah E. Citrin, hereby certify that on March 30, 2017, I electronically filed the foregoing Unopposed Motion of the FCC for Voluntary Remand with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

James B. Ramsay
Jennifer M. Murphy
NARUC
1101 Vermont Avenue, NW
Suite 200
Washington, DC 20005
*Counsel for: NARUC*

Scott A. Westrich
Robert B. Nicholson
U.S. Dep't of Justice
950 Pennsylvania Avenue, NW
Room 3228
Washington, DC 20530
*Counsel for: USA*

David Bergmann
Law Office of David C. Bergmann
3293 Noreen Drive
Columbus, OH 43221
*Counsel for: NASUCA*

Misha Tseytlin
Ryan Walsh
Luke N. Berg
Wisconsin Dep't of Justice
17 West Main Street
PO Box 7857
Madison, WI 53707
*Counsel for: State of Wisconsin*

Nicholas J. Bronni
Lee P. Rudofsky
Office of the Attorney General
323 Center Street
Suite 200
Little Rock, AR 72201
*Counsel for: State of Arkansas*

Lawrence G. Wasden
Office of the Attorney General
PO Box 83720
700 West Jefferson, Rm 210
Boise, ID 83720
*Counsel for: State of Idaho*

Thomas M. Fisher
Gregory F. Zoeller
Office of the Attorney General
Indiana Government Center South
302 West Washington Street
Indianapolis, IN 46204
*Counsel for: State of Indiana*

Aaron D. Lindstrom
Michigan Dep't of Attorney General
525 West Ottawa Street
PO Box 30212
Lansing, MI 48909
*Counsel for: State of Michigan*

Dale Schowengerdt
Office of the Attorney General
215 North Sanders
Justice Building
Helena, MT 59620
*Counsel for: State of Montana*

Leonard J. Bartel
Office of the Attorney General
2115 State Capitol
PO Box 98920
Lincoln, NE 68509
*Counsel for: State of Nebraska*

Craig M. Eichstadt
Marty J. Jackley
Office of the Attorney General
1302 East Higway 14
Suite 1
Pierre, SD 57501
*Counsel for: State of South Dakota*

Tyler R. Green
Sean D. Reyes
Utah Attorney General
350 North State Street
Suite 230
Salt Lake City, UT 84114
*Counsel for: State of Utah*

Clare E. Kindall
Office of the Attorney General
10 Franklin Square
New Britain, CT 06051
*Counsel for: CPURA*

Frank F. Farmer
Office of the Attorney General
501 N. West Street
Suite 201-A
Jackson, MS 39201
*Counsel for: MPSC*

Kyle H. Landis-Marinello
William H. Sorrell
Office of the Attorney General
109 State Street
Montpelier, VT 05609
*Counsel for: VPSB*

*/s/ Sarah E. Citrin*

Sarah E. Citrin
Counsel

Federal Communications
Commission
Washington, DC 20554
(202) 418-1740